FILED
AUG 22 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LHF PRODUCTIONS, INC. | Civil Action No.: 1:16-cv-06805 |
| Plaintiff, | |
| vs. | MOTION TO QUASH OR MODIFY SUBPOENA |
| DOES 1-29, | |
| Defendants. | |

## MOTION TO QUASH OR MODIFY SUBPOENA

I, Doe 25, received a letter from my ISP regarding a subpoena, which included a copy of an Order granting Plaintiff's Motion for leave to take discovery prior to Rule 26(f). From accounts of previous Defendants, these subpoenas are typically followed by settlement demand letters and persistent phone calls. For these reasons, I respectfully ask the Court to file this Motion without revealing my personal, account, or identifying information.

### INTRODUCTION

Plaintiff, LHF Productions, Inc., is using joinder principles improperly in its mass lawsuit alleging copyright infringement through illegal downloading to cut its court costs, while suing as many persons as possible. This seems to be a fishing expedition and this matter includes more than 300 defendants.

### ARGUMENT

1) **Defendant has not infringed any copyright laws.**
Defendant denies utilizing Bit Torrent or any other downloading software that is used to download copyrighted material without authorization. Defendant is a legal subscriber to IP provider and does not employ any illegal methods to download copyrighted material.

Defendant claims that these allegations are false, and should any connection be made to the contrary, Defendant claims it would only be due to a hacker. This matter is therefore a breach in the security contracted for by Defendant with the IP provider. It is therefore the responsibility of the IP provider to protect the privacy of Defendant, and Defend this suit on its behalf. Should any liability be determined, it belongs with the IP provider, and not Defendant.

2) **Plaintiff Has Improperly Joined 29 Individual Defendants Based on Separate Alleged Acts**
The Plaintiff's joinder of 29 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of

individuals has been disapproved by federal courts in many cases. In CP Productions, Inc. vs. Does 1-300 case 1:2010cv06225, the following was noted by the court before dismissal:

> (I)f...unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for combining 300 separate actions on the cheap - if CP has sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. This validates that obtaining the name and contact information for the person to whom an ISP sends its monthly bill bears no rational relationship to who may have actually wrongfully accessed Plaintiff's copyrighted intellectual property.

The Plaintiff's complaint to the alleged infringement is based solely on my IP address. Neither the Plaintiff nor the ISP are certain as to who has committed the alleged infringement. The Plaintiff rather pleads "discovery will likely show that Defendant is the infringer", when the infringer could be any person. This shows that the Plaintiff is using the court system to fish for a settlement. They have no actual proof that Defendant actually committed the alleged infringement.

An IP Address is not a person. To this point, in *Cobbler Nevada, LLC v. Gonzales* (ORD 15-cv-00866), on March 18, 2016, Magistrate Judge Stacie F. Beckerman found that:

It may be possible that Defendant is the alleged infringer that subscribed to this IP address, but plausibility is still the touchstone of *Iqbal* and *Twombly*."); *AF Holdings LLC v. Rogers*, No. 12cv1519 BTM (BLM), 2013 WL 358292, at *2 (S.D. Cal. Jan. 29, 2013) ("Because the subscriber of an IP address may very well be innocent of infringing activity associated with the IP address, courts take care to distinguish between subscribers and infringers."); *see also In re Bit Torrent Copyright Infringement Claims*, 296 F.R.D. 80, 85 (E.D.N.Y. 2012) ("[I]t is no more likely that the subscriber to an IP address carried out a particular computer function-here the purported illegal downloading of a single film-than to say that an individual who pays the telephone bill made a specific telephone call."

### 3) Plaintiff Is Attempting to Utilize the Court System to Frame Defendant in order to Extract a Settlement.

Furthermore, a group of engineers in the University of Washington conducted a scientific, experimental study of monitoring and copyright enforcement on P2P file sharing and found that practically any Internet users can be framed for copyright infringement and even without being explicitly framed, innocent users may still be identified as an infringer even if they have never used P2P software. See Challenges and Directions for Monitoring P2P File Sharing Networks-or- Why my Printer Received a DMCA Takedown Notice, The University of Washington, available at http://dmca.cs.washington.edu/ , last visited on September 23, 2015

It cannot be ignored that the field of copyright litigation is increasingly being overtaken by "copyright trolls," roughly defined as plaintiffs who are "more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service." Matthew Sag, Copyright Trolling, An Empirical Study,100 Iowa L. Rev. 1105, 1108 (2015). "The paradigmatic troll plays a numbers game in which it targets hundreds or thousands of defendants, seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the c1aim."

Disclosing my personal identifying information would jeopardize my privacy, and would subject me to the annoyance, oppression and undue burden and expense of being subject to Plaintiff's attempt to try to extract a settlement. Courts have recognized that in these recent mass-Doe cases "plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payments from them".

I respectfully request that the Court grants this Motion to Quash Subpoena and issue a protective order for my identity.

Dated: August 22, 2016                             Respectfully submitted,

                                                   S/Jane Doe
                                                   Doe 25
                                                   Pro se


Copy sent by US Mail on August 22, 2016 to:

Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison Street
Suite 4000
Chicago, IL 60602